```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| THE HELLENIC MINISTRY OF NATIONAL <br>   DEFENSE, et al. | : <br> : <br> : |
| v. | :    Civil Action No. DKC 13-0828 |
| EAGLE VAN LINES, INC. | : <br> : <br> : |

**MEMORANDUM OPINION**

After a bench trial was held in this contract dispute, the court issued a memorandum opinion and order on July 14, 2015. (ECF Nos. 74 & 75). Judgment was entered in favor of Defendant and Counter-Plaintiff Eagle Van Lines ("EVL") in the amount $450,242.29. On July 30, 2015, EVL filed a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). (ECF No. 76). Plaintiffs/Counter-defendants filed a response (ECF No. 82), and EVL filed a reply (ECF No. 83). For the following reasons, the motion will be granted.

Courts have recognized three limited grounds for granting a motion for reconsideration under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (*citing Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*,

148 F.3d 396, 403 (4th Cir. 1998)).  The third rationale applies here.

EVL offers two grounds for altering the judgment.  First, EVL asserts that the court "inadvertently failed to include invoices 79-110 in its analysis." (ECF No. 76-1, at 3). Second, EVL asserts that the court failed to discuss the outstanding amounts owed by the Hellenic Army and Navy for unpaid invoices.

EVL is correct on both fronts.  In the morass of paper, the court inadvertently omitted discussion of invoices 79 through 110.  HAF acknowledges that while Captain Nikomanis testified that these invoices were properly documented, he also said that HAF did not pay them because it believed it had overpaid for other invoices and was due a set off.  Now, HAF also contends that EVL failed to document 60 of these 64 invoices and that the conclusory testimony of Ms. Siu is insufficient.

At trial, HAF offered the same reasons for its refusal to pay invoices 79 through 110 as it had for invoices 68 through 78, which reasons were rejected as explained in the July 14 opinion.  Captain Nikomanis testified that HAF does not dispute that it did not pay EVL in the amount of $148,396.28, explaining that this amount was withheld as offset for what HAF believed it *overpaid* on prior invoices for unconventional additional charges by EVL (*e.g.,* charges for hazardous materials and/or expedited

2

and oversized shipments). The court determined that Plaintiffs improperly refused to pay invoices 68 through 78 due to charges for hazmat materials and expedited and oversized shipments, and denied "Plaintiffs' request for a setoff for previously paid invoices that 'improperly' included hazmat charges." (ECF No. 74, at 61). The opinion rejected HAF's position that it "previously overpaid on invoices that also included allegedly improper charges for hazardous materials," (ECF No. 74, at 60), but failed to address the $148,398.28 withheld by HAF in connection with invoices 79 through 110 based on the "right to retention" defense. (*See* DTX 14). The documentation and supporting testimony was sufficient. The judgment will be amended to reflect HAF's obligation to pay this amount.

Secondly, EVL correctly points out that the court inadvertently failed to address the amounts unpaid by the Hellenic Army and Navy. (See DTX 16). HAF did not dispute during trial that $10,762.29 remained outstanding from the Hellenic Navy for outstanding invoices, and that $458,014.11 remained outstanding from the Hellenic Army for outstanding invoices. (*See* DTX 16, EVL03530-03531). HAF also acknowledges that Captain Nikomanis said that these invoices were not considered insufficiently or wrongly documented, but does contend that it withheld these payments based on a somewhat

different "right of retention," under Greek law,[1] *i.e.*, EVL's withholding of HAF's goods. The answer to the counterclaim asserted an affirmative defense of set-off, but does not mention a different right of retention. ECF No. 12, at 4. The pre-trial order also refers to an offset, but not to any other "right of retention." ECF No. 52, at 12. At trial, there was one leading question that asked: "Those are monies that the State Legal Council has ordered the Hellenic Armed Forces not to pay based on Eagle Van Lines' withholding the goods which it considers wrongful. Is that correct?" ECF No. 79 at 14-15. Captain Nikomanis answered "Correct," but on cross-examination, he described this "right of retention" to relate to the purported incorrect hazardous material charges. ECF No. 80, at 27. The court understood the only objection to the payment of these invoices was in the nature of a set-off, an argument that has been rejected. No other basis for non-payment has been established, and HAF otherwise acknowledged the legitimacy of the invoices. Accordingly, the amended judgment will reflect these amounts too.

EVL's Rule 59(e) motion contains some arithmetical errors, however. For instance, the motion seeks judgment in the amount

---

[1] HAF does not cite to any notice of intent to rely on foreign law. Fed.R.Civ.P. 44.1. In an earlier opinion on summary judgment, the court noted that the parties relied exclusively on Maryland law. ECF No. 40, at 16, n.7.

of $1,067,032, but when the original amount, $241,778.05, is added to the additional amounts of $148,396.28 + $458,014.11 + $10,762.29, the total is $1,067,414.97. Accordingly, judgment in favor of EVL will be amended to reflect the correct amount of $1,067,414.97. A separate order will follow.

                                                              /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge